(No. 1858— )

JOSEPH KESL & SONS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1931.*

JOSEPH KESL & SONS, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

This is a suit brought by the claimant, Joseph Kesl & Sons, a partnership, of the City of Edwardsville, County of Madison and State of Illinois, against the defendant, State of Illinois, to recover damages caused by the cancellation of road construction contracts Nos. 4564 and 4565 on State Bond Issue Route No. 150, Sections 134 and 135, awarded on the 19th day of September, 1931.

The facts in this case are as follows: That after the complainant commenced performance under the said contracts it received a notice from the respondent on the 6th day of October, 1931, through its Division of Highways, Department of Public Works and Buildings, that no payment could be made for work done under the contracts for the reason that the "Prevailing Wage Law" under which the contracts had been let was held to be invalid and void by the courts of this State and that in the event the claimant proceeded further under the said contracts, it did so at its own peril. When this notice was received the complainant had already completed work under the contract costing $8,636.28 for which the claimant asked damages, and the State was then and there notified.

Thereupon the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, through its Director and Chief Highway Engineer, after making deductions for high spots and cement sacks, reached an agreement in settlement of the damages caused as aforesaid and stipulated to make payment in the sum of $7,909.28. The Attorney General approved of the said settlement and stipulation; but the Division of Highways could not pay the claim and therefore recommended that a claim be filed with this court.

As there is no dispute as to the facts presented in the claimant's declaration and the evidence establishes the claimant's right of action, the court is of the opinion that the claim is reasonable and should be paid. The court accordingly awards the claimant the sum of $7,909.28.